UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| REGINALD BERNARD KIRKSEY, § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. G-10-270 |
| § | |
| CHAMBERS COUNTY SHERIFF'S OFFICE, § *et al*, § § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER OF DISMISSAL**

Plaintiff Reginald Bernard Kirksey, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which the plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford him the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed the plaintiff's complaint, the Court will dismiss this case for the reason that follows.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of

process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Kirksey filed the instant lawsuit on or about May 5, 2010. He states that in 2007 (exact date unknown), he was a trusty inmate at the Chambers County jail. During that year, Kirksey claims that his life was placed in danger by a Chambers County Sheriff's deputy when the deputy took Kirksey with him to round up a cow that kept straying onto the highway near Winnie, Texas. After arriving at their destination, a rancher approached Kirksey, who was on the rancher's land with the deputy trying to catch the cow. The rancher recognized Kirksey as the man who "stole all the cows around there." Kirksey was scared and feared for his life. He seeks monetary damages for being placed in a situation that endangered his life.

Because there is no federal statute of limitations for Section 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989). The Court must then determine when the cause of action accrued, and in so doing, federal courts apply federal law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). The federal standard governing Section 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id*.

The incident that Kirksey complains of accrued in 2007. A computation of the time between any day in 2007 and the date this case was filed reveals that this action is outside the two-year limitations period by at least six months. Kirksey's claims are time-barred.

Based on the foregoing, the Court **ORDERS** that this action is **DISMISSED** with prejudice as time-barred.

All pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 19th day of July, 2010.

Kenneth M. Hoyt
United States District Judge